IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 5, 2019

## DEXTER SAPPINGTON, JR. v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Hardeman County**
**No. 16-CR-166      J. Weber McCraw, Judge**

_____

### No. W2018-01516-CCA-R3-PC
_____


The petitioner, Dexter Sappington, Jr., appeals the denial of his post-conviction petition, arguing the post-conviction court erred in finding he received effective assistance of counsel prior to and during his guilty plea hearing. After our review of the record, briefs, and applicable law, we affirm the denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. Ross Dyer, J., delivered the opinion of the court, in which John Everett Williams, P.J. and Camille R. McMullen, J., joined.

J. Colin Rosser, Somerville, Tennessee, for the appellant, Dexter Sappington, Jr.

Herbert H. Slatery III, Attorney General and Reporter; Garrett D. Ward, Assistant Attorney General; Mark E. Davidson, District Attorney General; and Joe Van Dyke, Assistant District Attorney General, for the appellee, State of Tennessee.


**OPINION**

*Facts and Procedural History*

I.      Guilty Plea Hearing

On May 1, 2017, the petitioner pled guilty to three counts of aggravated burglary. He was sentenced to eleven years at 45 percent for Count one, ten years at 45 percent for Count two, and ten years at 45 percent for Count three. Counts two and three were suspended but were to be served concurrently with each other and consecutive to Count

one. Count one would be served concurrently with the petitioner's sentence in 2013-CR-136. The facts underlying the plea, as explained by the State, were as follows:

> TVs had been taken. The total value of those was $485.
>
> Investigator Moore of the Hardeman County Sheriff's Department again spoke with Mrs. Elizabeth Sappington, who stated that she and [the petitioner] and another individual went to the Walmart here in Bolivar; that [the petitioner] left them and drove back to the Kassmans' home. The third person with them at Bolivar Walmart was Patty Kassman, the wife of the folks he went back and burglarized; went in through the front door where he took two flat-screen TVs, and then drove to 21465 Highway 125 North and dropped the TVs off; then went back to Walmart and picked up Patty and Elizabeth. Ms. Kassman was able to -- excuse me. Ms. Sappington was able to give the name of the person to whom the TVs were sold to verify.
>
> And, Judge, in Count 3, on or about December 2, 2015, John Kassman again reported his home at 22335 West Highway 64 had been burglarized. Two flat-screen TVs and a drill were missing, total value of $664.
>
> Elizabeth Sappington again was questioned by Investigators from the Hardeman County Sheriff's Department, saying that at the end of November or first of December, that the [petitioner] and another individual known to her as Tim Willington broke into the Kassmans' home in Hornsby and took two flat-screen TVs. And then she, Ms. Sappington, along with [the petitioner] and Tim, went and sold the TVs to a female white named Christy over in McNairy County.
>
> Upon arrest the [petitioner] confirmed orally to the investigator what had happened and showed him where these various crimes had taken place.
>
> That's the proof the State would have introduced had the matter gone to trial.

During the plea colloquy, the petitioner informed the trial court that he understood his rights. He further understood that, by pleading guilty to the charges, the petitioner would be waiving his right to a trial by jury, to confront witnesses against him, and to appeal. The petitioner testified he was satisfied with the representation of trial counsel, felt his case was properly investigated, and had no concerns or complaints about trial

counsel's representation. Finally, the petitioner affirmed he was not being forced to plead guilty, and no one had made promises to him in exchange for his guilty plea. The trial court accepted the plea agreement and found the petitioner guilty of three counts of aggravated burglary.

## II. Post-Conviction Hearing

The petitioner filed a pro se petition for post-conviction relief, arguing, in part, his guilty plea was entered involuntarily and trial counsel was ineffective for failing obtain a copy of the preliminary hearing transcript. The post-conviction court appointed counsel, and the petitioner filed an amended petition for post-conviction relief. An evidentiary hearing was held on August 9, 2018, during which the petitioner and trial counsel testified.

Trial counsel testified he was the petitioner's third attorney and was appointed following the petitioner's preliminary hearing. Trial counsel spoke with the petitioner's previous attorneys and thoroughly reviewed the case file. He learned the petitioner's second attorney had filed pretrial motions to obtain discovery and a transcript of the petitioner's preliminary hearing. Trial counsel informed the petitioner that these motions were still valid and did not need to be refiled. Because the case was eventually settled, trial counsel did not ultimately need the preliminary hearing transcript, but, if the case had gone to trial, he would have requested funding from the State for the transcript.

When trial counsel was appointed, he learned the petitioner had already received several offers from the State and presented the most recent offer to the petitioner, explaining "the risks, rewards, by going to trial and just what the nature and consequences were because he also had prior felony convictions." Because the petitioner wanted this sentence to be served concurrently with his prior sentence, trial counsel negotiated an eleven-year sentence instead of the twelve years that was originally presented. Trial counsel explained to the petitioner that concurrent "means from today's date it starts running even though you've got another one running at the same time." Trial counsel agreed the trial court thoroughly advised the petitioner of his rights prior to accepting his guilty plea.

The petitioner testified he wanted a copy of the preliminary hearing transcript because he believed it contained perjured statements by the arresting officer, and these statements could be used at trial to discredit the officer. However, he never received a copy of the transcript from any of his attorneys. Additionally, although his second attorney provided him with discovery, it did not contain his wife's statements to police, and trial counsel did not provide additional discovery. The petitioner believed these statements were coerced because both he and his wife were high on methamphetamine

- 3 -

when they were arrested. The petitioner wanted to go to trial, but, because he was unable to get a copy of the preliminary hearing transcript, he decided to plead guilty. However, when he accepted the plea deal, the petitioner believed his sentence would run "concurrent with my old one to where it would be backdated" to the start of the prior sentence.

After its review of the evidence presented, the post-conviction court denied relief, and this timely appeal followed.

*Analysis*

On appeal, the petitioner argues the post-conviction court erred in denying his petition, alleging trial counsel was ineffective for failing to obtain a copy of the preliminary hearing transcript and provide the petitioner with discovery. Additionally, the petitioner asserts trial counsel "convinced" him to enter a guilty plea against his wishes and did not explain how the concurrent sentencing would apply. The State contends the petitioner has failed to meet his burden. Upon our review, we agree with the State.

The petitioner bears the burden of proving his post-conviction factual allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). The findings of fact established at a post-conviction evidentiary hearing are conclusive on appeal unless the evidence preponderates against them. *Tidwell v. State*, 922 S.W.2d 497, 500 (Tenn. 1996). This Court will not reweigh or reevaluate evidence of purely factual issues. *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997). However, appellate review of a trial court's application of the law to the facts is *de novo,* with no presumption of correctness. *See Ruff v. State*, 978 S.W.2d 95, 96 (Tenn. 1998). The issue of ineffective assistance of counsel presents mixed questions of fact and law. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001). Thus, this Court reviews the petitioner's post-conviction allegations *de novo,* affording a presumption of correctness only to the post-conviction court's findings of fact. *Id.*; *Burns v. State*, 6 S.W.3d 453, 461 (Tenn. 1999).

To establish a claim of ineffective assistance of counsel, the petitioner must show both that counsel's performance was deficient and that counsel's deficient performance prejudiced the outcome of the proceedings. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Taylor*, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that the standard for determining ineffective assistance of counsel applied in federal cases is also applied in Tennessee). The *Strickland* standard is a two-prong test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that

counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687. In order for a post-conviction petitioner to succeed, both prongs of the *Strickland* test must be satisfied. *Id*. Thus, courts are not required to even "address both components of the inquiry if the defendant makes an insufficient showing on one." *Id*.; *see also Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (stating that "a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim").

A petitioner proves a deficiency by showing "counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." *Goad*, 938 S.W.2d at 369 (citing *Strickland*, 466 U.S. at 688; *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975)). The prejudice prong of the *Strickland* test is satisfied when the petitioner shows there is a reasonable probability, or "a probability sufficient to undermine confidence in the outcome," that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. However, "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

A guilty plea must be knowingly, voluntarily, and intelligently entered in order to be valid. *Lane v. State*, 316 S.W.3d 555, 562 (Tenn. 2010). The court must determine whether the guilty plea evidences a voluntary and informed decision to pursue a guilty plea in light of the alternative options available to the defendant. *Id*. In the context of a post-conviction challenge to a guilty plea, both prongs of the *Strickland* test must be met. *Garcia v. State*, 425 S.W.3d 248, 256 (Tenn. 2013). Thus, to successfully challenge his guilty plea, the petitioner must show counsel's performance was deficient, and he "must establish a reasonable probability that, but for the errors of his counsel, he would not have entered the plea." *Adkins v. State*, 911 S.W.2d 334, 349 (Tenn. Crim. App. 1994) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)); *Garcia*, 425 at 257 (Tenn. 2013).

The petitioner argues trial counsel was ineffective for failing to obtain the preliminary hearing transcript and provide discovery. The State contends the petitioner

has failed to prove trial counsel was deficient or that the petitioner was prejudiced. We agree with the State.

At the evidentiary hearing, trial counsel testified the petitioner's former attorney filed motions to obtain discovery and the preliminary hearing transcript. Because these motions were still valid, trial counsel did not file additional motions for the same material. Trial counsel stated he would have asked for funding to have the transcript prepared if the case had gone to trial. However, because the petitioner decided to plead guilty, it was not necessary to do so. Trial counsel also investigated the petitioner's claim that his wife was coerced into making a statement to police while she was on methamphetamine. Trial counsel discussed the statement with the petitioner, but did not believe the statement would "affect what the end result of the case would be." The petitioner testified he asked all of his attorneys for a copy of the preliminary hearing transcript because he believed the transcript would show the arresting officer lied on the stand at the hearing, but never received it. The petitioner admitted his second attorney did provide him with discovery. However, it did not contain his wife's statement.

Although the petitioner asserts he would have proceeded to trial if he had received the preliminary hearing transcript, he failed to present the transcript at the evidentiary hearing. Because the petitioner failed to present the transcript, neither the trial court nor this Court has the ability to fully assess the petitioner's claim. Therefore, the petitioner cannot establish prejudice. *See Black v. State*, 794 S.W.2d 752, 757-58 (Tenn. Crim. App. 1990); *Gregory Nelso v. State*, No. W2016-02600-CCA-R3-PC, 2018 WL 1040951, at *4 (Tenn. Crim. App. Feb. 22, 2018), *no perm. app. filed* ("[I]t has been well-established law for more than a quarter century that a petitioner must provide some proof at the post-conviction hearing of what the petitioner claims trial counsel failed to present: witnesses, documents and other tangible evidence, etc. in order to prove prejudice under *Strickland*."). The petitioner is not entitled to relief on the issue.

Additionally, although the petitioner argues trial counsel failed to provide discovery, this claim is not supported by the record. The petitioner's second attorney filed various pre-trial motions, including a motion for discovery, and the petitioner testified he received a discovery packet prior to trial counsel's appointment. Further, trial counsel and the petitioner discussed the allegedly coerced statement made by the petitioner's wife. However, after investigation, trial counsel did not believe the statement would affect "the end result." In denying the petition, the post-conviction court accredited trial counsel's testimony, and nothing in the record preponderates against its factual findings. *See Tidwell*, 922 S.W.2d at 500. Additionally, the petitioner has failed to prove by clear and convincing evidence his factual claim that he did not receive discovery. The petitioner is not entitled to relief on this issue.

Finally, the petitioner argues trial counsel "convinced" him to enter a guilty plea against his wishes, and he was misinformed about concurrent sentencing. However, nothing in the record indicates the plea was coerced or entered into involuntarily. The post-conviction court described the context of the petitioner's post-conviction claims and guilty plea hearing, as follows:

> At the plea hearing the [petitioner] testified under oath. He testified that he went over the plea form, the waiver of a trial and waiver of appeal forms with his attorney and signed them. He testified he understood what he was doing. The plea form indicated that he would be facing an eleven (11) year sentence to serve at forty-five percent (45%), and that this sentence would run concurrently with a prior conviction and that he would proceed as a Range III offender and that he would receive two sentences of ten years or (sic) Count 2 and Count 3 as a Range III persistent offender and that Count 2 and Count 3 would be suspended.

> He was informed that his sentence would not be eligible for probation on Count 1.

> The [petitioner] was asked if he was satisfied with the representation of [trial counsel] and he stated he was. He testified he had enough time to meet with his attorney and discuss this case. The [petitioner] testified that no one had forced him to enter this plea of guilty, and that he did not have any questions about the proceeding.

> Before the plea proceedings, [trial counsel] went over the same information with petitioner several times.

> Petitioner stated that no one forced him to plead guilty.

> The court found that the [petitioner] entered a plea as a standard offender.

> The [c]ourt finds that the [petitioner] actually understood the significance and consequences of the particular decision to plea[d] guilty and the decision was not coerced. The [petitioner] was fully aware of the direct consequences of the plea, including the possibility of the sentence actually received. He was informed at the plea hearing of the sentence.

> The [c]ourt accredits the testimony of [trial counsel].

The [c]ourt finds that [trial counsel] provided adequate assistance; he met with petitioner and discussed the case, including possible sentences. The defense counsel successfully fought a day-for-day sentence possibility.

Petitioner failed to show any deficient performance by [trial counsel] or that he was prejudiced.

Our review of the transcript mirrors the findings of the post-conviction court. The record shows the post-conviction court thoroughly explained the nature and consequences of the petitioner's guilty plea, including the charges against the petitioner, the penalties he faced as a result of the plea, and the potential penalties he faced if he proceeded to trial. The record demonstrates that, at the time the petitioner entered his guilty plea, he understood he would serve an effective eleven year sentence for aggravated robbery, which would run concurrent with a prior sentence. Throughout the hearing, the petitioner affirmed that he understood his rights and wished to proceed with the guilty plea. The petitioner has failed to offer any evidence that preponderates against the post-conviction court's characterization of the knowing and voluntary nature of the petitioner's guilty plea. *See Tidwell*, 922 S.W.2d at 500. Accordingly, the record supports the post-conviction court's finding that "the petitioner was not coerced into entering a plea." The petitioner is not entitled to relief on this issue.

## *Conclusion*

Based upon the foregoing authorities and reasoning, the judgment of the post-conviction is affirmed.

_____
J. ROSS DYER, JUDGE